| | | |
|---|---|---|
| DECARLO A. GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-443-CEA-DCP |
| | ) | |
| RYAN M. SPIZTER, VICTORIA | ) | |
| BOWLING, MATTHEW T. TUCK, | ) | |
| DARIUS FRANKLIN, GRACE LNU, | ) | |
| PAINE/BRICKER LLP, TERRY | ) | |
| CLIFFORD, CRYE-LEIKE PROPERTY | ) | |
| MANAGEMENT, and GENERAL | ) | |
| SESSIONS COURT DIVISION II, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Docs. 1 & 12] [1] and the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 11].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915. To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) "if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

[1] Generally, when a plaintiff files an amended complaint, the Court will consider the Amended Complaint as superseding the original Complaint. Here, however, in light of Plaintiff's pro se filings and after reviewing the Amended Complaint, the Court finds that it does not restate his original claims, but rather adds new Defendants. Accordingly, the Court will consider both the original Complaint [Doc. 1] and the Amended Complaint [Doc. 12] as Plaintiff's operative pleadings.

is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.     Summary of the Complaint

Plaintiff names the following Defendants: Judge Ryan M. Spizter, Judge Victoria Bowling, Matthew T. Tuck, Terry Clifford,[2] Grace LNU,[3] Paine/Bricker LLP, Darius Franklin, Anderson

---

[2]     Plaintiff indicates that Terry Clifford is with Crye-Leike Property Management [Doc. 1 p. 6].

[3]     Plaintiff indicates that Grace LNU is an attorney with "Paine/Bricker Elder King LLP" [Doc. 1 p. 6].

2

County Detention Facility, Officer K. Nickells, Officer I. Ribbon, Lieutenant J. Smith, Officer McNealy, Officer T. Hartfield, Sergeant Lopez #1812, Sheriff Ball, Officer Isbell, Officer McMillian [Doc. 1 pp. 1, 3, 6], Crye-Leike Property Management, and General Sessions Court, Division II[4] [Doc. 12 p. 2].

Defendant alleges that he has been "harassed by law enforcement and judges in Clinton, TN 37716 and Anderson County Sheriff's and Oak [R]idge Police department and Clinton Police [Doc. 1 pp. 3–4]. He says that he "filed complaints with DOJ in March and April of 2024 and continue[s] to report this misconduct and behavior" [*Id.* at 4]. Plaintiff avers that this has "caused my home . . . and my job" and that now he is "homeless and jobless at the moment" [*Id.* at 4].

Plaintiff states, "These people threaten [me], beat me, and put poison in my food on March 24, 2024[,] pepper sprayed me[,] then strapped me down to a crazy chair 3 times" [*Id.* at 7]. Plaintiff submits that this happened on March 21, 2024, July 15, 2025, and July 27, 2025 [*Id.*]. Plaintiff says he wants "to sue Oak[ R]idge Police department for abuse and police misconduct as well the OPD fire department and Methodist [M]edical [C]enter for discrimination" [*Id.*]. He submits that they denied him service on July 27, 2025, "letting the OPD officer lie to them about [him]" and that his "identity was stolen" on July 15, 2025 by an "Oak[ R]idge Police officer" and that his car "was impounded illegally on this day as well" [*Id.* at 8]. Plaintiff says that "Benny Padilla submitted false evidence to a grand jury" on December 19, 2024, and November 18, 2024"

---

4      The Court notes that Plaintiff has not pleaded any facts relating to General Sessions Court. In any event, the General Sessions Court is not an entity amenable to suit. *See Howard v. White Bluff General Sessions Court*, No. 3:13-cv-549, 2013 WL 3179531, at *1 (M.D. Tenn. June 20, 2013) (holding that "the White     Bluff General Sessions Court is not an entity capable of being sued under 42 U.S.C. § 1983." (citing *Houston v. Tennessee*, No. 3:11-CV-268, 2011 WL 6002921, at *4–5 (E.D. Tenn. Nov. 30, 2011))).

[*Id.*]. Then, Plaintiff alleges that "Judge Bowling allowed a different officer to lie on [him] in her courtroom" on January 29, 2025 [*Id.*].

For relief, Plaintiff states he wants "to sue all defendants and put them in prison . . . a settlement from those involved . . . [his] name cleared and [his] record cleaned" [*Id.* at 5].

**B.      Screening of the Complaint and Amended Complaint**

Plaintiff alleges violations of 42 U.S.C. § 1983, discrimination, and identity theft. The Court will address each one.

**1.      42 U.S.C. § 1983**

Plaintiff is proceeding under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Starting with the Defendants, Plaintiff purports to name several private actors that cannot be held liable under § 1983, including Matthew T. Tuck, Terry Clifford, Darius Franklin, Grace LNU, Paine/Bricker LLP, and Crye-Leike Property Management. *See Rangel v. Rios*, No. 1:14-cv-61, 2014 WL 713032, at *4 (W.D. Mich. Feb. 24, 2024) ("Plaintiff may not proceed under section 1983 against a private party, 'no matter how discriminatory or wrongful the parties conduct'" (quoting *Tahfs v. Procter*, 316 F.3d 583, 590 (6th Cir. 2003)). Plaintiff bears the burden of proving that the private actor acted under the color of state law in order to be considered a state actor and be held liable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, Plaintiff's pleadings contain no allegations sufficient to establish that these Defendants acted under color of state law. But regardless, Plaintiff has failed to assert allegations against any  of these Defendants. A complaint must allege that the defendants were personally involved in the allegation

4

of federal rights, and here, Plaintiff has failed to do so. *Halls v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Further, Defendants Judge Ryan M. Spitzer and Judge Victoria Bowling, as judges, have absolute immunity from action for monetary damages under 42 U.S.C. § 1983 for claims based upon performance of their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The judges' immunity applies even if their acts were erroneous, malicious, or in excess of the judges' authority. *Id.* To be liable for damages, the judge's act has to be "nonjudicial . . . *i.e.*, actions not taken in the judge's judicial capacity" and for actions "taken in the complete absence of all jurisdiction." *Id.* (citing *Forrester v. White*, 484 U.S. 219, 227–29, 356–57 (1988)). Here, Defendant alleges that he has been harassed by judges in Clinton, Tennessee and that "Judge Bowling allowed a different officer to lie on [him] in her courtroom" [Doc. 1 p. 8]. The Court finds that this does not sufficiently state a claim against either judge that they violated Defendant's constitutional rights in a nonjudicial capacity. Defendant does not explain how the judges are harassing him, nor does he connect Judge Spizter to any specific activity. Accordingly, Plaintiff's claims against Defendants Judge Spizter and Judge Bowling may fail to the extent that he seeks monetary damages under 42 U.S.C. § 1983 for claims based upon their nonjudicial duties.

Turning to Plaintiff's claims, Plaintiff makes vague assertions that he is harassed by law enforcement and judges in Clinton Tennessee, by Anderson County Sheriff's, Oak[ R]idge Police Department, and Clinton Police [Doc. 1 pp. 3–4]. Plaintiff claims this has cost him his home and his job [*Id.* at 4]. Plaintiff has listed what appears to be nine law enforcement officials in his Complaint: Officer K. Nickells, Officer I. Ribbon, Lieutenant J. Smith, Officer McNealy, Officer T. Hartfield, Sergeant Lopez #1812, Sheriff Ball, Officer Isbell, and Officer McMillan [*Id.* at 6].

5

Plaintiff submits that these people "threaten [me], beat me, and put poison in my food on March 24, 2024, pepper sprayed me[,] then strapped me down to a crazy chair" on March 21, 2024, July 15, 2025, and July 27, 2025 [*Id.* at 7]. Plaintiff does not indicate where these various law enforcement members work or who was responsible for what conduct. Accordingly, the Court finds that Plaintiff has failed to assert a claim of relief.

### 2.     Discrimination and Identity Theft

Plaintiff also represents that he wants to sue "the OPD fire department and Methodist [M]edical [C]enter[5] for discrimination," alleging that he was denied service on July 27, 2025 and that they let an OPD officer "lie to them about [him]" [*Id.* at 8]. Plaintiff further contends that his "identity was stolen" on July 15, 2025, by an Oak Ridge police officer, and that his "car was impounded illegally" that same day [*Id.*].

Plaintiff has failed to show how the alleged identity theft constitutes a violation of Plaintiff's constitutional or civil rights. *See Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584, 2024 WL 4931867, at \*3 (S.D. Ohio Dec. 2, 2024) ("[T]he Court is . . . unsure how identity theft . . . amount[s] to violations of Cunnigham's constitutional or civil rights."). Further, Plaintiff has not identified "a cognizable right secured by the Constitution or laws of the United States" that was violated by the alleged discrimination. *Jackson v. Bergman*, 718 F. Supp. 3d 720, 727 (N.D. Ohio 2024).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). The Court

---

[5]     Plaintiff has not named "OPD fire department" and Methodist Medical Center as defendants in this case.

also notes that courts "prefer[] that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity" or official capacity. *Anderson v. Marion Cnty. Just. Ctr.*, No. 1:11-CV-17, 2011 WL 1877809, at *4 (E.D. Tenn. May 17, 2011). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a) the names and titles of all [defendants if known];

b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) . . . the location where each relevant event occurred;

e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **April 30, 2026.**

IT IS SO ORDERED.

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

7